# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

| | | |
|---|---|---|
| Esoterix Genetic Laboratories, LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 12-cv-411 |
| | ) | |
| Life Technologies Corporation, | ) | |
| Applied Biosystems, LLC, and | ) | |
| Ion Torrent Systems, Inc., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS LIFE TECHNOLOGIES CORPORATION,
APPLIED BIOSYSTEMS, LLC, AND ION TORRENT SYSTEMS,
INC.'S BRIEF IN SUPPORT OF THEIR MOTION TO
<u>DISMISS CLAIMS OF PLAINTIFF'S COMPLAINT</u>**

# TABLE OF CONTENTS

I.  STATEMENT OF THE NATURE OF THE MATTER BEFORE
    THE COURT ................................................................................ 1

II. STATEMENT OF THE FACTS ................................................... 1

III. QUESTIONS PRESENTED ....................................................... 5

IV. SUMMARY OF ARGUMENT .................................................... 5

V.  ARGUMENT................................................................................ 6

    A. A Complaint Must Allege Enough Facts to State a Plausible
       Claim. ................................................................................. 6

    B. EGL's Complaint Fails to State Claims for Contributory
       Infringement. ..................................................................... 8

       1. The Contributory Infringement Claims Are Based On
          Allegations That Simply Recite The Statutory Elements Of
          The Claim. ..................................................................... 9

       2. EGL's Claim That Life Contributes To Infringement Of The
          '372 Patent Is Implausible On Its Face. ......................... 14

       3. EGL's Claims That Life Contributes To Infringement Are Not
          Plausible Because The Complaint Does Not Allege That A
          Third Party Has Directly Infringed The Patents............................ 15

    C. EGL's Complaint Fails to State Claims for Willful Infringement. ..... 17

VI. CONCLUSION........................................................................... 20

Case 1:12-cv-00411-UA-JEP   Document 16   Filed 07/12/12   Page 2 of 25

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adiscov, LLC v. Autonomy Corp., PLC,*
762 F. Supp. 2d 826 (E.D. Va. 2011) ........................................................................... 6

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ............................................................................................. passim

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ............................................................................................. passim

*Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC,*
729 F. Supp. 2d 789 (N.D. Tex. 2011) ...................................................................... 18

*Classen Immunotherapies, Inc. v. Biogen IDEC,*
No. 04-2607, 2012 U.S. Dist. LEXIS 75039 (D. Md. May 29, 2012).................. passim

*Dynacore Holdings Corp. v. US Philips Corp.,*
363 F.3d 1263 (Fed. Cir. 2004)........................................................................... 15, 16

*In re Seagate Tech., LLC,*
497 F.3d 1360 (Fed. Cir. 2007).................................................................................. 19

*IPVenture, Inc. v. Cellco Partnership,*
No. 10-04755, 2011 U.S. Dist. LEXIS 5955 (N.D. Cal. Jan. 21, 2011).......... 15, 17, 18

*Medsquire LLC v. Spring Med. Sys.,*
No. 2:11-cv-4504-JHN-PLA, 2011 U.S. Dist. LEXIS 107416 (C.D. Cal. Aug.
31, 2011) ................................................................................................................... 13

*Novatel Wireless, Inc. v. Franklin Wireless Corp.,*
No. 10cv2530, slip. op. (S.D. Cal. March 29, 2012) .................................................. 19

*NTP, Inc. v. Research in Motion, Ltd.,*
418 F.3d 1282 (Fed. Cir. 2005).................................................................................. 16

*Phillips v. Pitt Cnty. Mem'l Hosp.,*
572 F.3d 176 (4th Cir. 2009) ....................................................................................... 8

*Powell v. Home Depot,*
663 F.3d 1221 (Fed. Cir. 2011)................................................................................... 17

*Purcell v. City of Greensboro*,
  Case No. 1:11-cv-577, 2012 U.S. Dist. LEXIS 66652 (M.D.N.C. May 14,
  2012) ................................................................................................................ 5, 7

*R+L Carriers, Inc. v. Drivertech LLC (In re Bill of Lading Transmission and
  Processing Sys. Patent Litig.)*,
  681 F.3d 1323 (Fed. Cir. 2012) .................................................................... 13

*W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*,
  778 F. Supp. 2d 667 (E.D. Va. 2011) ............................................................ 6

*Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*,
  No. 10-cv-677, 2011 U.S. Dist. LEXIS 88742 (S.D. Cal. Aug. 10, 2011) ............ 12, 17

*Weyer v. MySpace, Inc.*,
  No. 2:10-CV-00499, 2010 U.S. Dist. LEXIS 144008 (C.D. Cal. June 17, 2010) ...........
  .................................................................................................................... 8, 17, 19

*Wright Mfg., Inc. v. Toro Co.*,
  No. 11-1373, 2011 U.S. Dist. LEXIS 142973 (D. Md. Dec. 12, 2011) ................... 8, 10

## STATUTES

35 U.S.C. § 271(c) ................................................................................... passim

## OTHER AUTHORITIES

Fed. R. Civ. P. 8(a)(2) .............................................................................. passim

Fed. R. Civ. P. 12(b)(6) ...................................................................... 1, 5, 6, 20

iii

# I. STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT

Plaintiff Esoterix Genetic Laboratories, LLC's ("EGL") Complaint should be dismissed for failure to state claims for contributory infringement and willful infringement that satisfy the pleading requirement of Fed. R. Civ. P. 8(a)(2) (hereafter, "Rule 8(a)(2)"). The Complaint was required to allege well-pleaded facts sufficient to make EGL's contributory infringement and willful infringement claims plausible and, therefore, satisfy the pleading requirement. Because the Complaint is devoid of well-pleaded facts and fails to state plausible contributory and willful infringement claims, those claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) (hereafter, "Rule 12(b)(6)").

# II. STATEMENT OF THE FACTS

On April 26, 2012, EGL filed a Complaint against Life Technologies Corporation, Applied Biosystems, LLC, and Ion Torrent Systems, Inc. (collectively, "Life"). The Complaint has three "Counts," and each Count alleges infringement of a patent that is allegedly owned by EGL. (Complaint at ¶¶ 11, 13, 15, 27-47.) Of particular relevance to this Motion to Dismiss, the Counts allege that Life has willfully infringed and has contributed to others' infringement of U.S. Patent No. 5,670,325 ("the '325 patent"), U.S. Patent No. 5,882,856 ("the '856 patent"), and U.S. Patent No. 6,207,372 ("the '372 patent") (collectively, the "Patents-in-Suit"). (*Id*. at ¶¶ 30-31 (Count I), 37-38 (Count II), 44-45 (Count III).)

1

## A.     EGL's Contributory Infringement Claims

The Counts allege that Life has violated 35 U.S.C. § 271(c) by contributing to the infringement of the Patents-in-Suit.  (*Id*. at ¶¶ 30, 37, 44.)  However, EGL's allegations in support of its contributory infringement claims merely recite some of the legal elements of the claim.  For example, EGL's allegation of contributory infringement of the '325 patent states:

> 30.     Life has contributed to and continues to contribute to the infringement of the '325 patent in violation of 35 U.S.C. § 271(c) by offering for sale, selling, or providing one or more items which constitute a material part of the inventions defined by the claims of the '325 patent, including for example, the OpenArray system, the SOLiD system, the PGM, and the Ion Proton, and including their related reagents and software, knowing that the same were especially made or adapted for use in an infringement of the '325 patent, which components are not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).  For example, Life knowingly and intentionally sells the noted systems, software, reagents, and cancer panels, which are especially made for use in methods for the detection of certain cells, cancer, lesions or changes in a biological sample or tissue, knowing that such systems, software, reagents, and cancer panels will be used in methods that infringe the '325 patent.

(*Id*. at ¶ 30.)  That allegation is substantially identical to the allegations of contributory infringement of the '856 and '372 patents (collectively, "the Primer Patents").[1]

EGL's allegation of contributory infringement of the '856 patent states:

> 37.     Life has contributed to and continues to contribute to the infringement of the '856 patent in violation of 35 U.S.C. § 271(c) by offering for sale, selling, or providing one or more items which constitute a material part of the inventions defined by the claims of the '856 patent,

---

[1] The Complaint alleges that the '856 patent and '372 patent "relate[] to DNA primers." (Complaint at ¶¶ 14, 16.)

2

including for example, DNA primers for use in practicing methods for screening to simultaneously detect amplification products of multiple target DNA sequences using, for example, the SOLiD system, the PGM, and the Ion Proton (including their related reagents and software), knowing that the same have been especially made or adapted for use in an infringement of the '856 patent, which components are not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). For example, Life knowingly and intentionally sells the noted DNA primers for use in the noted systems, which are especially made for use in methods for screening to simultaneously detect amplification products of multiple target DNA samples, knowing that such DNA primers will be used in methods that infringe the '856 patent.

(*Id*. at ¶ 37.) EGL's allegation of contributory infringement of the '372 patent is virtually identical to that for the '856 patent and simply recites some of the legal elements of the claim:

44. Life has contributed to and continues to contribute to the infringement of the '372 patent in violation of 35 U.S.C. § 271(c) by offering for sale, selling, or providing one or more items which constitute a material part of the inventions defined by the claims of the '372 patent, including for example, DNA primers for use in practicing methods for screening to simultaneously detect amplification products of multiple target DNA sequences using, for example, the SOLiD system, the PGM, and the Ion Proton, and including their related reagents and software, knowing that the same have been especially made or adapted for use in an infringement of the '372 patent, which components are not staple articles or commodities of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c). For example, Life knowingly and intentionally sells the noted DNA primers for use in the noted systems, which are especially made for use in a manner that infringes the '372 patent.

(*Id*. at ¶ 44.)

In addition to merely restating certain of the statutory elements of contributory infringement, the contributory infringement allegations each fails to assert one of the statutory elements: That a third party has directly infringed the Patents-in-Suit.

3

Furthermore, the claims of the '372 patent (which is attached to the Complaint as Exhibit 3) cover only compositions of matter, specifically, a narrow subset of "DNA primers." (Exh. 3 at columns 51-54.) But EGL's Complaint alleges that Life contributes to infringement of the DNA primer claims solely by selling and offering for sale products that are not components of DNA primers. Indeed, the Complaint does not allege that Life is providing "a component" of the patented "DNA primers," nor does it identify a component provided by Life that is a "material part" of the DNA primers, as required by 35 U.S.C. § 271(c) to contributorily infringe the '372 Patent.

## B. EGL's Willful Infringement Allegations

EGL's assertion that Life's infringement of the Patents-in-Suit has been willful is based on three conclusory allegations:

The infringement by Life of the [Patents-in-Suit] is willful and deliberate.

(*Id.* at ¶¶ 31, 38, 45.)

Life has and has had actual knowledge of the Patents-in-Suit during times relevant to this action through at least its research, development, and/or patent application activities. In addition, and prior to the filing of this lawsuit, Life inquired about a possible license to the '325 patent from Exact Sciences Corporation, from whom EGL obtained the '325 patent. Moreover, Life has knowledge of the Patents-in-Suit through the filing of this complaint.

(*Id.* at ¶ 25.)

WHEREFORE, EGL prays that this Court: …
G. Award increased damages, pursuant to 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to EGL, by reason of Life's willful infringement of the Patents-in-Suit;….

(*Id.* at 11.)

4

*　　*　　*

Absent from the Complaint are any well-pleaded factual allegations that make EGL's claims for contributory infringement and willful infringement plausible.

## III.   QUESTIONS PRESENTED

1.    Should EGL's Complaint be dismissed under Rule 12(b)(6) for failing to state claims for contributory infringement of the Patents-in-Suit that meet the pleading standard of Rule 8(a)(2)?

2.    Should EGL's Complaint be dismissed under Rule 12(b)(6) for failing to state claims for willful infringement of the Patents-in-Suit that meet the pleading standard of Rule 8(a)(2)?

## IV.   SUMMARY OF ARGUMENT

EGL's claims that Life has contributed to others' infringement of the Patents-in-Suit and has itself willfully infringed those patents are devoid of the requisite well-pleaded factual support to make them plausible, as required by the Supreme Court's decisions in *Twombly* and *Iqbal*.  Instead, EGL's barebones allegations merely recite claim elements and legal conclusions that fall fatally short of the minimal detail required. Indeed, EGL's Complaint is filled with precisely the type of allegations that the Supreme Court found inadequate in the *Iqbal* case:  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Purcell v. City of Greensboro*, Case No. 1:11-cv-577, 2012 U.S. Dist.

5

LEXIS 66652, *11-12 (M.D.N.C. May 14, 2012) ("[P]ursuant to *Iqbal* and *Twombly*, a mere recitation of the elements of a cause of action will not suffice.").  Because the Complaint contains no, or too few, well-pleaded facts to make EGL's contributory infringement claims and willful infringement claims plausible, those claims do not satisfy Rule 8(a)(2) and must be dismissed under Rule 12(b)(6).

## V.    ARGUMENT

### A.    A Complaint Must Allege Enough Facts to State a Plausible Claim.

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 does not require "detailed factual allegations," "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to survive a motion to dismiss.[2]  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570);

---

[2] Although a determination under the Federal Rules is procedural and, therefore, governed by regional circuit law, this Court may look to the Federal Circuit's precedent for guidance about the insufficiency of pleading claims of indirect and willful infringement.  *See W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 778 F. Supp. 2d 667, 676 (E.D. Va. 2011); *see also Classen Immunotherapies, Inc. v. Biogen IDEC* , No. 04-2607, 2012 U.S. Dist. LEXIS 75039, *11-12 (D. Md. May 29, 2012).  Indeed, the *W.L. Gore* court observed that as of April 2011 "[t]he Fourth Circuit ha[d] yet to consider a motion to dismiss in a patent case post-*Twombly* and *Iqbal,* therefore, this Court will look to the Federal Circuit for guidance."  *W.L. Gore*, 778 F. Supp. 2d at 676 (citing *Adiscov, LLC v. Autonomy Corp., PLC,* 762 F. Supp. 2d 826, 828-30 (E.D. Va. 2011)).  Similarly, in *Adiscov*, the court noted the benefit of considering decisions by other district courts addressing challenges to patent infringement pleadings.  762 F. Supp. 2d at 830 ("[T]his court does not yet have the benefit of guidance from the Fourth Circuit on this issue, but it is aided by opinions of other district courts which have considered the application of *Twombly* and *Iqbal* to patent litigation.").

*see Twombly*, 550 U.S. at 555 (Rule 8(a)(2) requires that the Complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."); *see also Purcell*, 2012 U.S. Dist. LEXIS 66652, *11 ("*Iqbal* and *Twombly* require more than claims from which mere possibility can be inferred; they require facts showing plausibility").

To determine whether a pleading meets Rule 8(a)(2), the court conducts a two-part analysis.  First, the court identifies and disregards legal conclusions and factual allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679.  The court must also disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . .."  *Id*. at 678; *see Twombly*, 550 U.S. at 555 (stating that the "formulaic recitation of the elements of a cause of action will not do").  The court only accepts as true all "well-pleaded factual allegations."  *Iqbal*, 556 U.S. at 679.

The court must then decide, based solely on the well-pleaded facts, "whether [those facts] <u>plausibly</u> give rise to an entitlement to relief." *Id*. (emphasis added).  "Plausibility" requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id*. at 678; *Purcell*, 2012 U.S. Dist. LEXIS 66652, *11 (same).  In determining whether a claim is plausible, the court must distinguish between allegations that are "merely consistent with" liability (in which case, the claim "stops short of" being plausible) and allegations "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*,

7

550 U.S. at 556). The court should not, however, indulge in unwarranted inferences in order to save a complaint from dismissal. *See Twombly*, 550 U.S. at 544; *see also Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 179-80 (4th Cir. 2009) (affirming dismissal for failure to state a claim).

As explained below, EGL's Complaint is devoid of the well-pleaded facts that are necessary to make EGL's contributory infringement claims and willful infringement claims plausible. These claims should, therefore, be dismissed. *See, e.g.*, *Weyer v. MySpace, Inc.*, No. 2:10-CV-00499, 2010 U.S. Dist. LEXIS 144008, at *11 (C.D. Cal. June 17, 2010) (granting motion to dismiss indirect and willful infringement claims; holding that "claims of indirect and willful infringement [must] be pleaded in accordance with the requirements of Rule 8(a)(2) as interpreted by *Twombly* and *Iqbal*"); *see also Wright Mfg., Inc. v. Toro Co.*, No. 11-1373, 2011 U.S. Dist. LEXIS 142973, at *3-4 (D. Md. Dec. 12, 2011) (granting motion to dismiss inadequately pled contributory infringement claims).

**B.    EGL's Complaint Fails to State Claims for Contributory Infringement.**

EGL alleges that "Life has contributed to and continues to contribute to the infringement of" the Patents-in-Suit "in violation of 35 U.S.C. §271(c)." (Complaint at ¶¶ 30, 37, 44.) Those claims for relief are not supported by well-pleaded facts, are not plausible and should be dismissed for several, independent reasons.

### 1. The Contributory Infringement Claims Are Based On Allegations That Simply Recite The Statutory Elements Of The Claim.

To state a plausible claim for contributory infringement, EGL's Complaint should have included well-pleaded facts showing that (i) Life "offers to sell or sells within the United States or imports into the United States a component of a patented . . . combination or composition, or a material or apparatus for use in practicing a patented process;" (ii) Life knew that such "component" or "material or apparatus" is "especially made or especially adapted for use in an infringement of" the patent; and (iii) the "component" or "material or apparatus" is "not a staple article or commodity of commerce suitable for substantial noninfringing use . . .." 35 U.S.C. § 271(c) (setting out the elements of a contributory infringement claim); *see Classen Immunotherapies, Inc. v. Biogen IDEC*, No. 04-2607, 2012 U.S. Dist. LEXIS 75039, at *31 (D. Md. May 29, 2012).

EGL's claims that Life has contributed to others' infringement of the Patents-in-Suit is premised entirely on allegations that simply recite the statutory elements of the claim. EGL's assertion of alleged contributory infringement of the '325 patent by Life is exemplary:

> Life has contributed to and continues to contribute to the infringement of the '325 patent in violation of 35 U.S.C. § 271(c) by ***offering for sale, selling***, or providing ***one or more items which constitute a material part of the inventions*** defined by the claims of the '325 patent, including for example, the OpenArray system, the SOLiD system, the PGM, and the Ion Proton, and including their related reagents and software, ***knowing*** that the same were ***especially made or adapted for use in an infringement of the '325 patent***, which ***components are not staple articles or commodities of commerce suitable for substantial non-infringing use***, in violation of 35

9

U.S.C. § 271(c). For example, Life knowingly and intentionally sells the noted systems, software, reagents, and cancer panels, which are ***especially made for use in*** methods for the detection of certain cells, cancer, lesions or changes in a biological sample or tissue, knowing that such systems, software, reagents, and cancer panels will be used in methods that infringe the '325 patent.

(Complaint at 7, ¶ 30 (emphases added).) Substantially similar allegations are made in paragraphs 37 and 44 of the Complaint, which allege contributory infringement of the '856 and '372 patents, respectively. *See*, *supra*. These allegations, however, are composed of precisely the type of legal conclusions and threadbare recitation of claim elements that, under *Iqbal,* are not treated as true and must be disregarded in determining whether the pleadings contain "sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also, e.g.*, *Wright Mfg.*, 2011 U.S. Dist. LEXIS 142973 at *10-11 ("[H]ighly generalized statements" that are nothing more than the statutory elements of contributory infringement are inadequate.). That is clear by simply comparing the allegations of paragraphs 30, 37 and 44 to the statutory elements of 35 U.S.C. § 271(c). A comparison of the allegation of contributory infringement of the '325 patent with Section 271(c) is exemplary:

| Paragraph 30 of the Complaint | Statutory Elements of 35 U.S.C. § 271(c) |
|---|---|
| Life has violated 35 U.S.C. § 271(c) by offering for sale, selling, or providing | Whoever offers to sell or sells within the United States or imports into the United States |
| one or more items which constitute a material part of the inventions defined by the claims of the '325 patent, | a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, |
| knowing that the same were especially made or adapted for use in an infringement of the '325 patent, | knowing the [component, material or apparatus] to be especially made or especially adapted for use in an infringement of such patent, |
| which components are not staple articles or commodities of commerce suitable for substantial non-infringing use, | [which component, material or apparatus is] not a staple article or commodity of commerce suitable for substantial noninfringing use, |
| Life has contributed to and continues to contribute to the infringement of the '325 patent…. | shall be liable as a contributory infringer. |

Like the allegations of paragraph 30, the allegations in paragraphs 37 and 44 of the Complaint also parrot the elements of Section 271(c).

Furthermore, nowhere in paragraphs 30, 37 and 44, or even the paragraphs incorporated into each Count, does EGL provide any factual allegations to support its conclusory assertion that Life knew the accused products are "especially made and adapted for use in infringing the claims of the" Patents-in-Suit.   In other words, EGL has not proffered any "well-pleaded facts" in support of the second element of its

11

contributory infringement claim that can be accepted as true and, as such, the Claim is not plausible. *Iqbal*, 556 U.S. at 578-79.

Courts have concluded that even allegations pled with greater factual detail than those by EGL are inadequate to show that the alleged infringer knew its products were "especially made or especially adapted for use in an infringement of" a patent. For example, in *Classen*, allegations that a defendant sold products with instructions to use those products in an infringing way were not sufficient to plead the "especially made or especially adapted for use in an infringement" element. In particular, Classen's complaint stated that the defendant GSK "produces and provides to customers vaccines and products 'relat[ed to] the efficacy and/or risk of alternative immunization schedules,' [and] sells vaccines with 'instructions and/or recommendations on . . . proper immunization schedules for vaccines and information on potential associations between vaccinations scheduling and immune-mediated conditions and by administration of vaccines according to the patented method.'" *Classen*, 2012 U.S. Dist. LEXIS 75039, at *32-33. The *Classen* court found these allegations insufficient to support a claim for contributory infringement." *Id.* at 33.

Likewise, in *Weiland Sliding Door & Windows,* a California district court held that plaintiff's allegation that "'Defendants have sold and continue to sell in the United States components that are a material part of the" patented product "does nothing more than mirror statutory language" and is "insufficient to plead a § 271(c) violation." *Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*, No. 10-cv-677, 2011

U.S. Dist. LEXIS 88742, *9-10 (S.D. Cal. Aug. 10, 2011).  The same is true here; EGL's bald allegations that the accused products are "especially made and adapted for use in infringing the claims of the" Patents-in-Suit (Complaint at 7, ¶ 30; 7-8, ¶ 37; at 10, ¶ 44) are not well-pleaded facts sufficient to establish the plausibility of EGL's contributory infringement claim.

With respect to the third element of the contributory infringement claim, the Complaint asserts that Life's "components are not staple articles or commodities of commerce suitable for substantial non-infringing use."  (Complaint at ¶¶ 30, 37, 44.)  On their face, those assertions are also carbon-copies of the statutory language.  *See* 35 U.S.C. §271(c).  Such conclusory legal assertions, however, "are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679.  Instead, "[t]o state a claim for contributory infringement … a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *R+L Carriers, Inc. v. Drivertech LLC (In re Bill of Lading Transmission and Processing Sys. Patent Litig.)*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (internal citation omitted); *see also Medsquire LLC v. Spring Med. Sys.*, No. 2:11-cv-4504-JHN-PLA, 2011 U.S. Dist. LEXIS 107416, at *8 (C.D. Cal. Aug. 31, 2011).[3]  Indeed, in view of the allegations in

---

[3] In *Medsquire,* the court held that an allegation – similar to EGL's allegations – that the accused infringer was "providing non-staple articles of commerce to others for use in an infringing system or method" was "conclusory" and "fail[ed] to do more than provide '[t]hreadbare recitals of the element of a cause of action, supported by mere conclusory statements.'"  *Id*. at *8-9 (quoting *Twombly*, 550 U.S. at 555).

13

*Classen* – that GSK provides customers with products and instructions for their use according to the patented method, noted above – that court found that it

> cannot conclude that the complaint alleges GSK's vaccines are unsuitable for noninfringing use. Though it is plausible that GSK's customers administer the vaccines in the manner least likely to cause chronic immune-mediated disorders, as the patented method suggests, Classen has not alleged that *no other considerations*, such as minimizing other risks, might influence the method of administration and avoid infringement.

*Classen*, 2012 U.S. Dist. LEXIS 75039, at *33 (emphasis added) (internal citation omitted). The court concluded that "[i]f Classen proves its allegations, it will not be entitled to relief because it will not have proven that there is no noninfringing use," and that, accordingly, "Classen has not stated a claim for contributory infringement." *Id.* (internal citation omitted).

Here, the Complaint also does not allege well-plead facts that warrant an inference that the components sold or offered for sale have no substantial non-infringing uses nor does it have allegations from which the Court could justifiably infer that the third element of EGL's contributory infringement theory is met. *See Twombly*, 550 U.S. at 555.

> 2. EGL's Claim That Life Contributes To Infringement Of The '372 Patent Is Implausible On Its Face.

EGL's claim for contributory infringement of the '372 patent should also be dismissed for an independent reason – none of the accused products is allegedly a component of the claimed composition. Under 35 U.S.C. § 271(c), if the accused product is not "a component of a patented machine, manufacture, combination, or composition," then it cannot infringe, and a claim that fails to include well-pleaded facts

alleging that the accused product is a component of a patented composition is not plausible.

All of the claims of the '372 patent are directed to "DNA primers." (*E.g.*, Exhibit C to the Complaint at Column 51 (Claim 1).) Therefore, Life could only contribute to another's infringement of the '372 patent if Life "offers to sell or sells within the United States or imports into the United States *a component of a patented . . . composition*." 35 U.S.C. § 271(c) (emphasis added). Yet the Complaint does not allege that Life is providing "a component" of the patented "DNA primers" nor does it identify a component provided by Life that is a "material part" of the DNA primers. (*See, e.g.*, Exhibit C to the Complaint at Column 51 (Claim 1).) EGL's claim for contributory infringement of the '372 patent is, therefore, facially not plausible and should be dismissed. *Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)).

3. <u>EGL's Claims That Life Contributes To Infringement Are Not Plausible Because The Complaint Does Not Allege That A Third Party Has Directly Infringed The Patents.</u>

A complaint alleging claims for contributory infringement must, at a minimum, allege that a third party has directly infringed the patent. *E.g.*, *Classen*, 2012 U.S. Dist. LEXIS 75039 at *27; *IPVenture, Inc. v. Cellco Partnership*, No. 10-04755, 2011 U.S. Dist. LEXIS 5955, at *8-9 (N.D. Cal. Jan. 21, 2011); *see Dynacore Holdings Corp. v. US Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) (Contributory infringement "can

15

only arise in the presence of direct infringement" by a third party.). EGL's contributory infringement allegations, however, do not plead that a third party has directly infringed the Patents-in-Suit. EGL has not, therefore, stated a claim for contributory infringement.

In paragraphs 30, 37 and 44 of the Complaint, which expressly allege that "Life has contributed to and continues to contribute to infringement of the" Patents-in-Suit, no third parties are even identified. Elsewhere in the Complaint, EGL vaguely references "customers" that Life purportedly provides "with reagents and software," "sequencing devices and cancer panels" and "instructions for using" those products. (*Id.* at ¶¶ 21-22.) However, EGL never alleges that the unidentified "customers" have actually practiced the patented methods or used the patented compositions of the Patents-in-Suit and thereby directly infringed the patents. Furthermore, there are no well-pleaded facts anywhere in the Complaint from which the Court could justifiably infer that any third party performed all of the steps of the methods claimed in the '856 and '325 patents.[4]  *See NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005) ("[I]t is well established that a patent for a method or process is not infringed unless all steps or stages of the claimed process are utilized." (internal quotation omitted)). Further, that the Complaint does not even allege that Life provides a component of the DNA primers claimed in the '372 patent precludes any inference that any third party incorporates any Life product into infringing primers.

---

[4] The '372 patent claims compositions of matter only, not methods. *See* Exhibit C to the Complaint at Columns 51-54.

Because the Complaint fails to allege that there has been direct infringement by a third party, EGL's claims that Life has contributorily infringed the Patents-in-Suit is not plausible and, therefore, must be dismissed. *See, e.g.*, *Weiland Sliding Doors*, 2011 U.S. Dist. LEXIS 88742, at *7-8; *IPVenture*, 2011 U.S. Dist. LEXIS 5955, at *8-9 (finding that plaintiff's failure "to allege a third party who directly infringes the patent" "fails to give Defendants sufficient notice of the specific conduct alleged to form the basis for Plaintiff's claim of indirect infringement").

*       *       *

For each of the aforementioned independent reasons, the Court should dismiss the contributory infringement claims.

### C.  EGL's Complaint Fails to State Claims for Willful Infringement.

EGL's willful infringement claims are likewise subject to scrutiny under the *Iqbal*/*Twombly* pleading standard. *See, e.g.*, *Weyer*, 2010 U.S. Dist. LEXIS 144008, at *4. Accordingly, EGL's Complaint should have alleged well-pleaded facts showing, at a minimum, Life's allegedly infringing conduct was with knowledge of the Patents-in-Suit and in reckless disregard of an objectively high risk of infringement. *See, e.g.*, *Powell v. Home Depot,* 663 F.3d 1221, 1236 (Fed. Cir. 2011); *see Weyer*, 2010 U.S. Dist. LEXIS 144008, at *11-12 ("To properly plead willful infringement," the Compliant must have well-pleaded factual allegations showing that "the accused infringer had knowledge of the patent and recklessly disregarded the possibility that [its] conduct was infringing….."); *Classen*, 2012 U.S. Dist. LEXIS 75039, at *34 (same). Although EGL

17

"need not provide detailed factual allegations as to a claim of willfulness, the complaint must provide more than labels and conclusions." *Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 800 (N.D. Tex. 2011) (dismissing claim for willful infringement because complaint lacked facts to support that claim). Thus, conclusory allegations of knowledge – such as those made by EGL – and recklessness – which is not even alleged by EGL – are insufficient to state a plausible claim for willful infringement. *Id.*

First, EGL has failed to allege well-pleaded facts showing that Life had knowledge of the Primer Patents. EGL merely alleges that "Life has and has had actual knowledge of the [Primer Patents] during times relevant to this action through" unidentified "research, development, and/or patent application activities." (Complaint at ¶ 25.) This lone allegation is not well-pleaded, and even if it did adequately plead facts, it is too conclusory to support a claim for willful infringement. *See Classen*, 2012 U.S. Dist. LEXIS 75039 at *35 (holding that a bald allegation of "knowledge of the patents in suit" is not enough to "support a claim for willful infringement"); *see also IPVenture'*, 2011 U.S. Dist. LEXIS 5955, at *7-8 (Where "there are no facts to support the claim that Defendants actually had knowledge of the issued patent[s] . . . Plaintiff has failed to state a cause of action for willful infringement").

Second, also missing from the Complaint are well-pleaded facts from which the Court and Life could conclude that Life's conduct was objectively reckless. All EGL alleges is that "[t]he infringement by Life of the [Patents-in-Suit] is willful and

deliberate." (Complaint at ¶¶ 31, 38, 45.) Those poorly-pled, conclusory allegations are manifestly insufficient to push EGL's claims of willful infringement of all of the Patents-in-Suit over the line from possible to plausible. *See Iqbal*, 556 U.S. at 678 ("Plausibility" requires "more than the sheer possibility that a defendant has acted unlawfully."). Without well-pleaded facts showing that Life "acted in reckless disregard of a possibility that [it] was infringing" the Patents-in-Suit, EGL's Complaint fails to state a claim for willful infringement. *See Classen*, 2012 U.S. Dist. LEXIS 5955, at *35; *Weyer*, 2010 U.S. Dist. LEXIS 144008, at *11-12; *Novatel Wireless, Inc. v. Franklin Wireless Corp.*, No. 10cv2530, slip. op. at 5 (S.D. Cal. March 29, 2012) (Attached as Exhibit 1) (Bencivengo, D.J.) (dismissing willful infringement claim because the complaint lacked facts showing defendant recklessly disregarded the possibility that its conduct was infringing); *see also In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (holding that willful infringement "requires at least a showing of objective recklessness").

EGL's Complaint is missing facts from which Life and the Court can conclude that EGL's willful infringement claim is plausible, let alone that Life's conduct warrants EGL's pursuit of an oversized award of treble damages and attorney fees. (Complaint at 11, ¶¶ G, H). Therefore, EGL's claims of willful infringement should be dismissed.

## VI.    CONCLUSION

For all of the aforementioned reasons, EGL's claims for contributory infringement and for willful infringement do not satisfy the pleading standard of Rule 8(a)(2) and, therefore, should be dismissed pursuant to Rule 12(b)(6).

Respectfully submitted, this 12th day of July, 2012.

|  |  |
|---|---|
|  | /s/ David M. Alban |
| Rip Finst | David M. Alban (NC Bar No. 40,299) |
| (rip.finst@lifetech.com) | (david.alban@alston.com) |
| LIFE TECHNOLOGIES CORPORATION | ALSTON & BIRD LLP |
| 5791 Van Allen Way | Bank of America Plaza |
| Carlsbad, CA  92008 | 101 South Tryon Street |
| Telephone:    (760) 603-7200 | Charlotte, NC 28280-4000 |
| Facsimile:     (760) 476-6048 | Tel.: (704) 444-1174 |
|  | Fax: (704) 444-1784 |
|  |  |
|  | Frank G. Smith, III |
|  | (frank.smith@alston.com) |
|  | John W. Cox, Ph.D. |
|  | (john.cox@alston.com) |
|  | ALSTON & BIRD LLP |
|  | One Atlantic Center |
|  | 1201 West Peachtree Street |
|  | Atlanta, GA 30309-3424 |
|  | Tel.: (404) 881-7000 |
|  | Fax: (404) 881-7777 |

*Counsel for Defendants Life Technologies Corp., Applied Biosystems, LLC, and Ion Torrent Systems, Inc.*

20

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2012, I electronically filed the foregoing DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS CLAIMS OF PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants.

/s/ David M. Alban
David M. Alban (NC Bar No. 40,299)
(david.alban@alston.com)
ALSTON & BIRD LLP
Bank of America Plaza
101 South Tryon Street
Charlotte, NC 28280-4000
Tel.: (704) 444-1174
Fax: (704) 444-1784

*Of Counsel:*

Rip Finst                                    Frank G. Smith, III
(rip.finst@lifetech.com)                     (frank.smith@alston.com)
LIFE TECHNOLOGIES CORPORATION                John W. Cox, Ph.D.
5791 Van Allen Way                           (john.cox@alston.com)
Carlsbad, CA  92008                          ALSTON & BIRD LLP
Telephone:    (760) 603-7200                 One Atlantic Center
Facsimile:     (760) 476-6048                1201 West Peachtree Street
                                             Atlanta, Georgia 30309-3424
                                             Tel.: (404) 881-7000
                                             Fax: (404) 881-7777

*Counsel for Defendants Life Technologies Corp., Applied Biosystems, LLC, and Ion Torrent Systems, Inc.*

21